FILED
RIOR COURT
OF GUAM

2013 APR 12 PM 3: 08

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

HENRY E. ESCOTO and ROCHELLE S. ESCOTO,

               Plaintiff,

    vs.

GUAM MEMORIAL HOSPITAL AUTHORITY,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case no. CV 0192-10

**DECISION AND ORDER**
re: Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on or about February 15, 2012. The Plaintiff is represented by Attorney Ignacio C. Aguigui. The Defendant is represented by Attorney Thomas J. Fisher. After considering the matters presented, the court now issues the following decision and order DENYING the Defendant's motion to dismiss.

## BACKGROUND

This case arises out of a civil complaint filed by the Plaintiffs on February 5, 2010. The complaint states that on or about February 8, 2009, nine-year-old Rhyence Bamboo Sese Escoto ("Rhyence") was a passenger in a pickup truck with his parents, the Plaintiffs, when the truck was hit head-on by a speeding car. Rhyence suffered serious injuries as a result of the collision, and he was later transported to Guam Memorial Hospital ("GMH").

The complaint alleges claims of wrongful death and negligence in the care of Rhyence against GMH and individual Defendant's as agents of GMH. Plaintiffs assert that the above mentioned negligence caused unnecessary pain, suffering, and the eventual death of their son Rhyence.

On February 21, 2011, the Court issued a decision and order granting, pursuant to Rule 12(b)(6), Defendant's motion to dismiss. Subsequently, the Court granted the Plaintiffs motion for reconsideration on the grounds that the Court failed to discuss the possibility of leave to amend the complaint. Plaintiffs filed an amended complaint for damages on October 5, 2011.

On November 23, 2011, the Defendant's filed a motion to dismiss the amended complaint. On May 30, 2012, Plaintiffs filed their opposition. The Court hereby DENIES Defendant's motion to dismiss based on the following analysis.

## DISCUSSION

On motion to dismiss, the well-pleaded factual allegations in the complaint are assumed to be true. *See Hawaiian Bank v. Manley,* 2007 Guam 2 ¶ 9 ("When reviewing a claim under this standard, we must, of course take as true the material facts alleged...., construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor."); *accord Taitano v. Calvo Finance Corp.,* 2009 Guam 9 ¶ 6 ("In reviewing such a motion, the court must 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor.'") (quoting *Taitano v. Calvo Finance Corp.,* 2008 Guam 12 ¶ 9)

Pursuant to Rule 12(b)(6), Defendant submit Plaintiffs have failed to state a claim upon which relief can be granted and as such the Amended Complaint should be dismissed. Under Guam law, recovery for wrongful death is governed by 7 G.C.A. §12109(a) which states:

"When the death of a person is caused by the wrongful act or neglect or another, his or her heirs or personal representative on their behalf *may maintain an action for damages* against the person causing the death, or in the case of the death of such wrongdoer against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives." 7 G.C.A. 12109(a)

This statute further provides, "in every action under this Section, such damages may be given as, under all the circumstances of the case, may be just...." (Emphasis added). The plain language of the statute does not explicitly limit recovery to purely economic losses. While damages recoverable under this statute are only for pecuniary loss suffered, such loss may include loss of comfort, protection, and society of deceased." *Newby v. Government of Guam*, 2010 Guam 4, ¶ 26.

Defendants submit the standard for recovery of mental anguish is that the Plaintiff must show a "reasonable probability that the comfort, and protection afforded to the surviving parent was of such a character that it would be of pecuniary advantage to the parent, and thus would entail a pecuniary loss to him. *Id.* The California District Court defined pecuniary loss as an "amount which the parent might have reasonably expected the child to have contributed to her support had he lived and reached his majority." *Zeller v. Reid*, 38 Cal.App.2d 622, at 625. Under this definition, Defendants contend Plaintiffs have presented no facts which would support a likelihood of pecuniary gain in consequence of their son's society, nor that they lose that gain as a result of his death. Without such allegations Defendants assert Plaintiffs cannot recover for mental anguish and suffering. As such, dismissal is proper since the complaint lacks an allegation regarding a required element necessary to obtain relief.

On the other hand, Black's Law Dictionary defines pecuniary as damage that can be estimated and monetarily compensated. Although this phrase appears in many old cases, it is

now widely considered a redundancy – since damages are always 'pecuniary.' BLACK'S LAW DICTIONARY (8th) at 418. Under this definition, Plaintiffs refute Defendant's argument and assert they have alleged in multiple instances in the Amended Complaint that they have been "injured" and "damaged" as a result of the "loss" of their son. Amd. Comp. ¶45, 46, 48, 50, 52. The Court finds the plain language in the statute and case law to be permissive, not limiting recovery to Defendants narrow definition of pecuniary loss. Although both parties have attached a different meaning to the word 'pecuniary', the Court further finds the plain language in the wrongful death statute is written to be broadly interpreted.

This Court has previously interpreted 7 G.C.A. § 12109 broadly and held "the statute's language does not limit recovery to purely economic loss. To the contrary, the statute's plain language appears to encompass consortium damages." *Brenda M. Hoohuli et al. v. Guam Power Authority et al.*, Civil Cases CV 2377-08 and CV 0301-98, Decision and Order on Motion for Summary Judgment, October 23, 2000 (Bordallo, J.) at 5. In *Brenda M. Hoohuli et al. v. Guam Power Authority et al*, the Court held there are two types of damages which are recoverable under the statute.

> "The first classification permits recovery for injuries sustained by the deceased from the time of injury to the time of death. Damages under the first classification include *medical expenses, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning capacity.* The second classification of damages permits recovery of incidental damages suffered by the decedent's next of kin. Pecuniary value has been judicially defined to include 'the expectancy of life, the age, condition of health and strength, capacity of labor and earning money through skill, any art, trade, profession and occupation or business, and person habits as to sobriety and industry' *Jordan v. Baptist Three Rivers Hosp.,* 984 S.W.2d 593" *Id.* at 5.

As such, in accordance with this rational, this Court finds damages not limited to the reasonable amount which the parent might have reasonably expected the child to have contributed to her support had he lived and reached his majority.

In the Amended Complaint, Plaintiff did plead for compensation for medical expenses, pain and suffering, funeral and burial expenses, and other incidental expenses resulting from the death of Rhyence. As such, the Court in construe the pleading in the light most favorable to the Plaintiffs, finds sufficient allegations have been plead for recovery of damages under the wrongful death statute. Accordingly, the Court hereby DENIES Defendant's motion to dismiss on the grounds that damages are not limited to purely pecuniary loss, but include recovery for medical expenses, pain and suffering, funeral and burial expenses, and other incidental expenses.

## CONCLUSION

Based on the foregoing, the Court finds Therefore, the Court DENIES Defendant's motion to dismiss due to the fact that Plaintiffs damages claims are recoverable under Guam's wrongful death statute.

SO ORDERED, this 1 2 day of _____April_____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, G___

APR 1 2 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam